```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

LISA CREECH,                     §
                                 §
            Petitioner,          §
                                 §
V.                               §   Civil Action No. 4:14-CV-281-Y
                                 §
JODY R. UPTON, Warden,           §
FMC-Carswell,                    §
                                 §
            Respondent.          §
```

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Lisa Creech, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent. No service has issued upon Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I.  Factual and Procedural History

On April 23, 2013, Petitioner pleaded guilty in the United States District Court for the Eastern District of Oklahoma to one count of manufacturing methamphetamine on premises where children are present or reside, and, on December 11, 2013, she was sentenced to a 168-month term of imprisonment. (Minutes and J. in a Criminal Case, United States v. Creech, Criminal Docket No. CR-13-00027-002-JHP, ECF Nos. 56, 121, 123.) Petitioner waived her right to appeal and has not pursued a § 2255 motion in the convicting court. (Pet.

3-4; ECF No. 5.)

Petitioner raises four grounds for habeas relief in this petition wherein she claims, generally, that (1) she was convicted by the media, (2) her trial counsel was ineffective, (3) there was no evidence to support her conviction, and (4) the government manufactured the case against her. (Pet. 5-6, ECF No. 5.) Petitioner seeks an acquittal and immediate release. (Pet. 7, ECF No. 5.)

## II.  Discussion

28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir.

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2000). In order to meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause claim, it is clear that she cannot meet the three requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize her conduct nor were her claims foreclosed by Fifth Circuit law at the time of her trial. Furthermore, although Petitioner waived her right to appeal, she has not yet filed an initial § 2255 motion. Thus, Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of her conviction. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Because Petitioner's claims do not fall within the savings clause of § 2255(e), they are not cognizable in a § 2241 petition.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  The Court further DENIES a certificate of appealability because Petitioner has neither alleged nor demonstrated that she is entitled to proceed under 28 U.S.C. § 2241 nor has she made a substantial showing of the denial of a constitutional right.

SIGNED June 3, 2014.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE